**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PABLO RAUL YACOUB RODRIGUEZ,

Petitioner,

v. Case No. 8:26-cv-03443-TPB-AAS

TAMPA FIELD OFFICE, U.S.
IMMIGRATION AND CUSTOMS
ENFORCEMENT, et al.,

Respondents.
______________________________________/

## ORDER

This matter is before the Court on Petitioner Pablo Raul Yacoub Rodriguez's petition for writ of habeas corpus and motion for temporary restraining order and preliminary injunction filed on November 9 and 10, 2026. (Docs. 1 and 3). Respondents filed a response in opposition on November 13, 2026. (Doc. 8). After reviewing the petition, motion, response, court file, and record, the Court finds as follows:

## Background

Petitioner is a citizen of Venezuela who entered the United States as a B-2 visitor on December 27, 2017. He is subject to a pending removal proceeding. On May 15, 2026, Petitioner was arrested on a dangerous excessive speeding charge in Hillsborough County, Florida. According to the charging affidavit, Petitioner was driving at 107 miles per hour and nearby motorists were forced to take evasive

action. The charging affidavit also noted that Petitioner had received three previous speeding tickets in the past three years.

On May 26, 2026, the Immigration Judge held a bond hearing. Petitioner did not testify, but his attorney was present. Following the hearing, the Immigration Judge granted an $8,000 bond. The Immigration Judge's brief order noted Petitioner's traffic-related violations but also noted that several of the violations had been dismissed or resolved without a formal adjudication of guilt, and that Petitioner had complied with court requirements by paying fines and appearing in court. Following the Immigration Judge's decision, Petitioner has remained physically at liberty.

The United States Department of Homeland Security appealed the Immigration Judge's bond decision. On September 20, 2026, the Board of Immigration Appeals ("BIA") remanded the case for further proceedings, observing that the Immigration Judge had not explained why Petitioner's driving offenses did not establish that he posed a danger to the community. The BIA further observed that the Immigration Judge relied on statements of Petitioner's counsel, which did not constitute evidence. The BIA instructed the Immigration Judge on remand to prepare "a full decision on the [Petitioner's] eligibility for release on bond" and to "include findings of fact on the aforementioned issues." (Doc. 1, Ex. B). The BIA stated that in determining whether the Petitioner posed a danger to the community, the Immigration Judge should rely on documentary evidence and the Petitioner's testimony, but not on statements by Petitioner's counsel.

On October 9, 2026, the Immigration Judge denied bond based on the existing record and entered a detailed order. The Immigration Judge's order discussed Petitioner's most recent speeding arrest for driving at 107 mph, and found that his driving history, including a previous incident of driving at well over 100 mph, demonstrated that the recent incident was not an isolated occurrence but reflected a pattern of disregarding traffic laws and engaging in dangerous conduct. The Immigration Judge concluded that Petitioner posed a danger to the community. The Judge considered positive factors, including the lack of any other criminal record and ties to the United States, but concluded that these equities did not mitigate Petitioner's dangerousness. In reaching his decision, the Immigration Judge did not convene another hearing or affirmatively solicit the presentation of additional evidence.

On October 17, 2026, United States Immigration and Customs Enforcement issued a Notice to Obligor to Deliver Alien, requiring the bond obligor to deliver Petitioner, or have him appear, at the ICE Tampa Sub-Office on November 16, 2026, at 9:00 a.m. On November 7, 2026, Petitioner filed an appeal to the BIA from the Immigration Judge's bond decision. That appeal remains pending.

On November 9, 2026, Petitioner filed his petition for writ of habeas corpus and alternative claim for declaratory and injunctive relief in the United States District Court for the Middle District of Florida, Jacksonville Division. (Doc. 1). On November 10, 2026, Petitioner filed in the same case an emergency motion for a temporary restraining order. (Doc. 3). The case was transferred to the Tampa

Division. (Doc. 5). On November 13, 2026, the Court denied Petitioner's motion to the extent it sought a temporary restraining order, instead allowing the motion to proceed as a motion for a preliminary injunction. (Doc. 7). The Court directed Respondents to file a response to the petition and motion by 3:30 p.m. the same day, which Respondents did. (Doc. 8).

## Analysis

Having reviewed the petition, the motion, and the response, the Court concludes that Petitioner has failed to show entitlement to relief on his habeas corpus petition or on his request for preliminary injunctive relief on his claim under 5 U.S.C. § 702.

First, while it appears undisputed that Petitioner was entitled to a bond hearing, it is equally undisputed that he received one. Disagreement with an Immigration Judge's decision is not a basis for federal court review. Instead, the appropriate remedy is an appeal to the BIA. Petitioner has appealed the Immigration Judge's decision to the BIA, but that appeal remains pending. Petitioner therefore has failed to exhaust his administrative remedies. *See, e.g.*, *Bohorquez-Valencia v. Ripa*, No. 3:25-cv-1383-MMH-LLL, 2026 WL 662980, at *2 (M.D. Fla. Mar. 10, 2026) (holding that where the petitioner's appeal to the BIA remained pending, the petitioner had not exhausted his administrative remedies as required); *Denisenko v. Reno*, No. 3:96CV106-RV, 1996 WL 467305, at *3 (N.D. Fla. Apr. 22, 1996) ("Petitioners' case is now pending before the B.I.A. The petitioners must request a stay of their deportation order from either the B.I.A. or the I.N.S.

District Director. Currently, the petitioners have failed to exhaust their administrative remedies[.]")

Petitioner concedes he has not completely exhausted his administrative remedies but argues that exhaustion is not jurisdictional and should be excused here. Exhaustion can be excused. *See, e.g.*, *Bohorquez-Valencia*, 2026 WL 662980, at *2 (noting exceptions to the exhaustion requirement for situations where administrative remedies are unavailable or inappropriate to the relief sought, or where an attempt to exhaust such remedies would be patently futile). Petitioner, however, expressly disclaims any argument that the BIA will not decide the appeal promptly and offers no other reason that persuades the Court that an exception or reason to excuse exhaustion applies under the circumstances presented here.

Second, Petitioner has not alleged facts showing the existence of a constitutional violation. Petitioner asserts that he did not testify at the first hearing, although he was represented by counsel at the hearing and his name was apparently listed by counsel on a witness list. He does not state why he did not testify and, for all that appears, he chose not to do so. Petitioner therefore received notice and an opportunity to be heard. His arguments and authorities do not persuade the Court that the Immigration Judge's decision on remand to resolve the bond issue on the existing record without holding another evidentiary hearing or affirmatively soliciting supplemental evidence from Petitioner violated the requirements of due process.

Third, Petitioner grounds his alternative claim for declaratory and injunctive relief under § 702 of the Administrative Procedure Act ("APA") on the proposition that the Immigration Judge on remand failed to follow agency regulations, specifically, 8 CFR § 1003.1(d)(3)(iv). That regulation, however, prohibits the BIA from engaging in factfinding. Petitioner alleges no facts suggesting a violation of the regulation by the BIA or the Immigration Judge. Petitioner also argues that the Judge failed to follow the BIA's direction on remand because the judge failed to obtain Petitioner's testimony before reaching his decision. Petitioner, however, acknowledges that the BIA's remand order did not expressly require the Immigration Judge to hold an additional hearing, and in any event, Petitioner cites no authority holding that the Immigration Judge's failure to follow the BIA's directives, even assuming that occurred, constitutes a basis for relief under the APA. As noted above, the Immigration Judge's ruling is before the BIA for review in Petitioner's pending appeal, and that body is best positioned to decide whether the Immigration Judge complied with its directives.

For these reasons, Petitioner has not alleged facts showing an entitlement to relief on his habeas petition, nor has he shown a likelihood of success as required to obtain a preliminary injunction.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

1. Petitioner's petition for habeas corpus relief (Doc. 1) is **DENIED**.

2. Petitioner's motion for a temporary restraining order (Doc. 3), construed as a motion for preliminary injunctive relief, is **DENIED**.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 13th day of November, 2026.

TOM BARBER
UNITED STATES DISTRICT JUDGE